```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

                              :
UNITED STATES OF AMERICA
                              :
     v.                       :   Criminal No. DKC 18-0286-1
                              :
ROJEAN MORGAN
                              :
```

**MEMORANDUM OPINION AND ORDER**

Mr. Rojean Morgan filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on May 29, 2020. (ECF No. 76). He supplemented his motion on July 7, 2020. (ECF No. 79). He requests immediate release to home confinement due to the "unprecedented threat of COVID-19." He relates that he suffers from blood clots and shortness of breath," "Saladoses and hypothermia" and "is placed amongst the one most likely to catch the Coronovirus and suffer immediate harm if not death." He also notes that he has four children and a grandchild, and that his mother requires continuous care and depends on friends to care for her.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the

compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court.  The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
> (1) in any case that—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Mr. Morgan submitted his request to the warden on April 9, 2020 (ECF No. 78), and more than 30 days have elapsed, thus satisfying the administrative exhaustion requirement.  Mr. Morgan is confined at FCI Fort Dix.  As of July 7, 2020, the Bureau of Prisons website reports 14 inmates have tested positive for COVID-19 at Fort Dix.  COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 7, 2020).  Mr. Morgan is serving

a 108-month sentence imposed on September 16, 2019, on his convictions for conspiracy to distribute and possess with intent to distribute cocaine and heroin and possession with intent to distribute cocaine and heroin.  His current release date is January 2, 2026.

While all share concern over the public health challenges caused by COVID-19, and appreciate the heightened anxiety experienced by those incarcerated in correctional facilities, the reasons stated by Mr. Morgan do not satisfy the standard for compassionate release.  *See, e.g., United States v. Hood*, 2020 WL 2091070 (W.D.N.C. April 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, . . . Defendant has not shown that 'extraordinary and compelling reasons' warrant his release.")  As pointed out by others, the BOP has instituted enhanced health and safety regulations to combat the spread of the disease.  See also, *United States v. Humphries*, 2020 WL 2331247 (W.D.N.C. May 11, 2020) ("[T]he mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, 'the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'") (quoting

3

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Moreover, even had Mr. Morgan satisfied the threshold for consideration, the length of his recently imposed sentence, when considered in light of the appropriate sentencing factors including the need for punishment and deterrence, would result in denial of relief.

    Accordingly, the motion for compassionate release (ECF No. 76) BE, and the same hereby IS, DENIED.

July 10, 2020                                /s/
                                                  DEBORAH K. CHASANOW
                                                United States District Judge